# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PERRY R. NEAL,

    Petitioner,

v.                                               Case No. 05-C-0830

PHIL KINGSTON, Warden,
Waupun Correctional Institution,

    Respondent.

## **ORDER**

On August 5, 2005, petitioner, Perry R. Neal, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the same time the petitioner filed a motion to stay further proceedings or, in the alternative, hold this matter in abeyance while he exhausts his state court remedies. The petitioner was convicted of ten counts of domestic violence, arising from allegations involving violence against his wife, Patricia Neal.

The petitioner challenges the judgment of his conviction on the following grounds: (1) ineffective assistance of trial counsel; (2) and (3) ineffective assistance of post-conviction counsel as it relates to two different attorneys involved in his post-conviction proceedings; (4) perjury/obstruction of justice by a parole agent; (5) perjury by the States' chief witness, Patricia Neal; (6) prosecutor misconduct for using false testimony; (7) trial court erred in denying interest of justice and § 974.06 Wis. Stats. motions; (8) court of appeals erred in denying Machner[1] request; and (9) state supreme court let stand a manifest injustice.

---

[1] Under State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979), a hearing may be held when a criminal defendant's trial counsel is challenged for allegedly providing ineffective assistance. At the hearing, trial counsel testifies as to his or her reasoning on the challenged action or inaction.

In support of his motion to stay, the petitioner states that he is not well versed in the law and was not aware that his trial counsel had a duty to investigate, fully read all discovery furnished to him and, if admissible under the rules of evidence, mount a defense using the evidence gained from the investigation and discovery. The petitioner contends that post-conviction counsel was equally ineffective for not raising the ineffectiveness of trial counsel claim based upon failure to investigate and deficient performance. Specifically, the petitioner asserts that the criminal discovery contained two police reports, unrelated to the charges before the court, which trial counsel failed to address or use to impeach his wife in order to challenge her credibility. The petitioner further claims that his trial counsel had possession of various Wisconsin Department of Corrections (DOC) documents which he failed to investigate, review and use to impeach Mrs. Neal.

The petitioner contends that his trial counsel failed to interview his parole agent and failed to investigate/review his DOC file with the agent, which allowed the agent to understate his testimony and withhold exculpatory evidence. According to the petitioner, this failure to read all discovery materials and failure to undertake an independent investigation regarding Mrs. Neal's credibility resulted in deficient performance by trial counsel which prejudiced him. The petitioner asserts that a hearing was set for January 15, 2002, based upon a request made by his first post-conviction counsel. He states that trial counsel refused to attend the hearing and post-conviction counsel refused to raise the issues petitioner wanted to advance, instead requesting the petitioner present them pro se.

The petitioner asserts that he became aware of the claim of ineffective assistance of counsel for failure to investigate just prior to filing his petition for review with the Wisconsin Supreme Court. He maintains that he briefed the argument for that court based upon State

v. Thiel, 264 Wis. 2d 571, 665 N.W.2d 305 (WI 2003) and requested a Machner hearing, but the petition for review was denied.

The petitioner states that his present petition contains both exhausted and unexhausted claims. He acknowledges the need to exhaust his state remedies and requests this court to stay the habeas corpus proceeding while he exhausts his remedies on the issue. The petitioner advises the court that in order to completely exhaust all of his remedies, he mailed his § 974.06 Wis. Stats. motion to the Brown County Circuit Court at the same time that he mailed this motion to stay the habeas petition.

In Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 161 L.Ed. 2d 440 (March 30, 2005), the United States Supreme Court addressed the propriety of the "stay and abeyance" procedure in a mixed petition for habeas corpus relief. Id. at 1531-34. The Court in Rhines discussed the interplay between the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA) and the dismissal requirement of Rose v. Lundy, 455 U.S. 509, 518-19 (1982). In Lundy, the Supreme Court held that "a district court must dismiss such 'mixed petitions,' leaving the [petitioner] with the choice of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court." 455 U.S. at 510.

The enactment of AEDPA preserved the total exhaustion requirement of Lundy, but it also imposed a one year statute of limitations on filing federal petitions. 28 U.S.C. § 2244(d). The Court in Rhines noted that, as a result, "petitioners who comes to court with 'mixed' petitions runs the risk of forever losing the opportunity of any federal review of their unexhausted claims." Id at 1533. At the same time, the Court recognized that staying a federal habeas petition frustrates the "twin purposes" of the AEDPA – encouraging finality and streamlining federal habeas proceedings. Id. at 1534. The Court noted that a stay allows the

petitioner to delay resolution of the federal proceedings and decreases the petitioner's incentive to exhaust all his claims in the state court prior to filing his federal petition. Id. at 1534-35.

The Court, therefore, concluded that a stay and abeyance should be available "only in limited circumstances" when the court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court. The Court also stated that even if good cause can be shown for the failure to exhaust, it would be an abuse of discretion to grant a stay if the unexhausted claims are plainly without merit. Moreover, a stay should not be granted if a petitioner engages in abusive litigation tactics or intentional delay. Id. at 1535. The Court further explained that even if the court concludes that these criteria have been met and that a stay should be granted, the mixed petition should not be stayed indefinitely. Rather, the court should set a reasonable time limit for any stay that is granted. If, on the other hand, the court determines that a stay is inappropriate, "the court should permit the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. at 1535.

Under Rhines, a petitioner is allowed, in appropriate circumstances, to file a "protective" petition in federal court to preserve the timeliness of both exhausted and unexhausted claims. Pace v. DiGuglielmo, __ U.S. __, 161 L. Ed. 2d 669, 125 S. Ct. 1807, 1813 (2005). However, the petitioner would still not be entitled to a stay unless he can satisfy the Rhines requirements. Id. at 1813-14. Therefore, this court must now determine whether the petitioner has shown "good cause" for his failure to present the claims in state court and, if so, whether the unexhausted claims have potential merit and whether there is any indication that the petitioner engaged in intentionally dilatory tactics.

- 4 -
Case 2:05-cv-00830-PJG    Filed 08/12/05    Page 4 of 6    Document 3

Good cause for filing unexhausted claims in federal court may exist because of the petitioner's reasonable confusion about whether his unexhausted claims are time barred in state court. Pace, 125 S. Ct. at 1813. That situation is not present in this case. Rather, the petitioner's reason for failing to bring his claim earlier is due to his limited knowledge of the law. The court of appeals for this circuit has previously rejected similar arguments in the context of 28 U.S.C. § 2254 petitions. Barksdale v. Lane, 957 F.2d 379, 384-86 (7th Cir. 1992) (holding that a less stringent definition of cause is not appropriate for pro se litigants); Henderson v. Cohn, 919 F.2d 1270, 1272-73 (7th Cir. 1990) (holding that illiteracy is not cause and citing with approval cases holding that ignorance of the law is not cause). In both of these cases, the court relied on Murray v. Carrier, 477 U.S. 478, 488 (1986), which defined "cause" as some external objective factor which impedes compliance with procedural rules. Barksdale, 957 F.2d at 385; Henderson, 919 F.2d at 1273.

Other than his lack of legal knowledge, the petitioner has failed to provide any basis for this court to find good cause that would excuse his failure to exhaust. Accordingly, he has not satisfied the first requirement under Rhines for a stay. Nor has he provided sufficient grounds to hold this case in abeyance pending his exhaustion of his state remedies. Therefore, his motion will be denied.

Therefore, the petitioner must advise the court whether: (1) he wishes to delete the unexhausted claims from his petition and proceed only with those claims that have been properly exhausted; or (2) dismiss the petition in its entirety and return to state court in order to exhaust the unexhausted claims. Should the petitioner choose to dismiss the petition and return to state court to exhaust his claims, the court reminds him that AEDPA imposes a one year statute of limitations on filing federal petitions for habeas corpus relief. 28 U.S.C. § 2244(d).

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED**, that the petitioner's Motion for Stay or Abeyance be and hereby is **denied.**

**IT IS FURTHER ORDERED** that the petitioner shall notify the court by **August 31, 2005,** whether he intends to pursue only the properly exhausted claims set forth in his petition or dismiss his petition in its entirety.

Dated at Milwaukee, Wisconsin, this 12th day of August, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge