# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PERRY R. NEAL,

     Petitioner,

     v.                                                                                 Case No. 05-C-0830

PHIL KINGSTON, Warden,
Waupun Correctional Institution,

     Respondent.

## ORDER FOR VOLUNTARY DISMISSAL

On August 5, 2005 the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to stay further proceedings or, in the alternative, to hold proceedings in abeyance pending his exhaustion of state court remedies. The petitioner was aware that his petition presented both exhausted and unexhausted claims, commonly referred to as a "mixed petition."

On August 12, 2005, the court entered an order denying the motion for stay or abeyance. The court's order required the petitioner to advise it by August 31, 2005, whether the petitioner preferred to delete the unexhausted claims from his habeas corpus petition and proceed only with those claims that had been properly exhausted, or dismiss the petition in its entirety and return to state court in order to exhaust his previously unexhausted claims. On August 22, 2005, the petitioner advised the court that he wishes to dismiss the petition in its entirety so as to pursue his unexhausted claims in state court.

In its order of August 12, 2005, this court advised the petitioner that the Supreme Court has held that federal district courts have limited discretion to hold "mixed petitions" in abeyance in order to permit a habeas corpus petitioner to return to state court to complete

exhaustion of all his claims. Rhines v. Weber, __ U.S. __, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). This court held that the petitioner's case did not meet the Rhines requirements for a stay.

The court now advises the petitioner that when a court does not hold a petition in abeyance and proceeds to dismiss a mixed petition, a petitioner may be barred under the statute of limitations from returning to federal court after having exhausted claims -- in that the time that was spent in federal court on the original, mixed petition would not toll the statute of limitations. Duncan v. Walker, 531 U.S. 167 (2001); see also, United States v. Trancoso, 2004 U.S. Dist. LEXIS 14277 (7th Cir. 2004).

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations on filing federal petitions for habeas corpus relief. See 28 U.S.C. §2244(d).

Section § 2244(d) provides in relevant part:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The plaintiff has voluntarily requested that his petition be dismissed. Based on this request, the petitioner's petition for dismissal of the action will be granted without prejudice.

**IT IS HEREBY ORDERED** that the action against the respondent is dismissed without prejudice and without costs to any party pursuant to Fed. R. Civ. P. 41(a)(1).

Dated at Milwaukee, Wisconsin, this 26th day of August, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge